Mastín, J.
delivered the opinion of the court.
[552] The .plaintiff acknowledges himself to be a debtor of the estate of the late Francisco Tacón, and alleges that the appointment of the defendant as dative testamentary executor of the deceased, is illegal and void; the testator having left an executor who qualified under the will in the city of Philadelphia; the place of the testator’s decease. He prays that the appointment be rescinded ; and that the court make such provision as will enable him to liberate himself by paying what he owes to said estate, to some person duly authorized to receive it.
The defendant answered that, besides being dative executor as aforesaid, he is the attorney in fact of the executor under the will,' who resides in Philadelphia ; and, as such, is authorized to receive the money and grant a full discharge of the debt and mortgage.
The court of probates considered this action as one of nullity, and declared that it was unable to perceive any ground of nullity; dismissed the suit. The plaintiff appealed.
The counsel of the plaintiff contends; 1. That the pretended testament, offered in evidence, is nothing but a copy of a transaction made in Philadelphia of an instrument of writing, purporting to be a testament. 2. -That the testament or a copy with the necessary authentication can alone be received in evidence; and that neither a translation, nor a copy of a translation, made out of the State, can be considered as legal evidence in our courts. 3. The probate court had no evidence before it upon which to order the execution of the will; nor to appoint a dative testamentary executor.
It appears to us that the order for the registry and execution of the will, and the appointment of a dative testamentary executor, form a judgment which must have its effect until it is reversed by appeal in this court; or in an action of nullity in the court of probates. The plaintiff has resorted to the last mode; and the court of probates has correctly concluded that he has mistaken his remedy. The original judgment, sought to he set aside in the [553] present suit, is not appealed from. We, therefore, cannot attend to any objections to its correctness or legality.
The judgment in the action of nullity is the only one before us. The legislature has specially enumerated, in the Code of Practice, the grounds on which a judgment can be declared null by the court which had rendered it. Code of Practice, art. 606, 607 and 608. The nullity sought is not enumerated in any of the above articles, and the grounds set forth do not exist in the case before us.
The plaintiff required the court of probates to make some provision for his liberation from the debt by a valid payment which he declared he was ready to make. Had he pointed out a specific provision, he might have called on us to say whether the court erred in refusing to make it. The court was not hound to select any, on a general proposition for relief. He would not have been assisted by the reversal of the judgment of the court of probates.
It is therefore ordered, adjudged and decreed, that the judgment of the probate court be affirmed, with costs.